Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1ˢᵗ Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

---

No. 02-1776

CARLOS J. LÓPEZ HERNÁNDEZ,

Plaintiff-Appellant,

v.

VICTOR FAJARDO VÉLEZ;
NEREIDA GELABERT DE VARGAS,

Defendants-Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Howard, Circuit Judge,
and Shadur,* Senior District Judge.

---

Anthony E. Keller for appellant.
Francisco A. Rullán, with whom Quiñones & Sanchez, P.S.C., was on the brief, for appellees.

---

January 14, 2003

---

*Northern District of Illinois, sitting by designation.

**Per Curiam**.  Plaintiff Carlos J. López Hernández is a career employee of Puerto Rico's Department of Education for the Mayaguez Region.  In 1992, López unsuccessfully ran for office as a candidate of Puerto Rico's Popular Democratic Party.  That same year, the candidate of the rival New Progressive Party won Puerto Rico's gubernatorial election.  At some point in 1994, persons affiliated with the New Progressive Party assumed control of the Department of Education and implemented a "reorganization," which it is undisputed had the effect of stripping López of his work duties.

Later that year, López sued the Secretary of the Department of Education, a former Secretary, and the Department's then-Regional Director for the Mayaguez Region under 42 U.S.C. § 1983.  His complaint alleged that the adverse employment actions he had suffered were prompted by unlawful political-affiliation discrimination.  In November 1997, López settled the suit with the Regional Director.  In the settlement agreement, the Regional Director promised, inter alia, either to keep López in his then-current position (with commensurate duties and salary) or, in the event of a reorganization, to transfer him to "an equivalent position, [with] corresponding duties and salary[.]"

In May 1999, López filed, in connection with the 1994 case, a pro se "Motion for Sentence Execution and Continuous Damages."  So far as we can tell, the motion alleged that the

discrimination complained of in the 1994 action was ongoing. The district court denied the motion on the ground that it had not retained jurisdiction to enforce the settlement agreement. Thereafter, in October 1999, López filed the present action against the Department's Secretary and the Regional Director for the Mayaguez Region, who is different than the person sued in this capacity in the 1994 action. In his complaint, López alleged that he lacked job duties and ascribed this lack of duties to ongoing (since the November 1997 settlement agreement) political-affiliation discrimination. Discovery ensued and the defendants eventually sought summary judgment, which was granted by the district court.

The court first adopted the defendants' account of the facts because López failed to supply a statement of contested material facts with record citations, as is required by D.P.R.R. 311.12. After concluding that López's damages claims against defendants in their official capacities lacked viability, the court decided that López's remaining claims against the Secretary failed because the Secretary was not personally involved in the acts set forth in the complaint and because liability under a respondeat superior theory does not attach in a 42 U.S.C. § 1983 action. Finally, the court determined that López had failed to adduce evidence sufficient to permit a jury to reject the non-discriminatory reason the Regional Director gave to explain López's

lack of duties, _viz.,_ the 1994 reorganization and López's unwillingness to accept a proposed transfer to an equivalent position with duties outside the Mayaguez regional office. In making this determination, the court also stated:

> López alleges that several positions within the scope of his classification were available within the Mayaguez Regional Office, but they were given to lesser ranking staff who wore insignia on their clothes identifying them as members of the NPP. He further alleges that [the Regional Director] "has in effect admitted her bias against the Plaintiff." These allegations, if true, could constitute sufficient evidence that defendants' non-discriminatory reason is a pretext. But without specific reference to the record as required by Local Rule 311.12, they are mere allegations or arguments of counsel that cannot be considered by the Court in the summary judgment context.

López Hernández v. Fajardo Vélez, Civil No. 99-2107 (JAG), opinion and order at 15 (D.P.R. Apr. 25, 2002).

López has appealed the district court's judgment insofar as it pertains to the Regional Director. We construe his somewhat convoluted brief to present two arguments: that the court erred in concluding that he breached Local Rule 311.12 with respect to his evidence of the Regional Director's bias, and that the court erred in crediting the Regional Director's assertion that he declined at least one equivalent job with duties outside the regional office without additional evidence to support the assertion. Neither argument provides us with a basis for upsetting the judgment. The first argument is insufficient because it is unaccompanied by an

-4-

explanation why the present Regional Director's bias against López, even if assumed for summary judgment purposes, creates a trialworthy issue as to the credibility of the Regional Director's explanation why López lacked duties. See Ainsworth v. Stanley, No. 00-1678, slip op. at 4 n.1 (1st Cir. Dec. 24, 2002). The second argument is insufficient because it is unaccompanied by an explanation why the Regional Director needed to submit evidence to corroborate her assertion in order to be awarded summary judgment. See id.

The record in this case is troubling. Nobody disputes that López lacked job duties for years, and the Regional Director's explanation for this state of affairs raises more questions than it answers. But we will not disturb a final district court judgment absent a developed argument explaining why, in light of the record and applicable legal principles, the judgment was not properly entered. See id. López has failed to present us with such an argument.

Affirmed. No costs.